UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO & VICINITY CARPENTERS' FRINGE BENEFIT FUNDS, INC., Plaintiff, | ) ) ) ) | CASE NO. 1:22-cv-1605 |
| v. | ) ) ) | JUDGE BRIDGET M. BRENNAN |
| APS CONSTRUCTION, COMPANY, INC., Defendant. | ) ) ) ) ) | **ORDER** |

Plaintiff, Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc., filed suit on September 9, 2022, alleging Defendant, APS Construction Company, Inc., failed to make fringe benefit contributions to certain fringe benefit funds established by a collective bargaining agreement administered by Plaintiff. (Doc. No. 1.) Plaintiff alleges Defendant breached the collective bargaining agreement and violated 29 U.S.C. § 1145. (*Id.*)

Though Plaintiff completed service of the complaint upon Defendant (Doc. No. 4), Defendant did not file an answer or otherwise respond to the pleading. Plaintiff filed an application to the Clerk of Court for the entry of default pursuant to Fed. R. Civ. P. 55, and the Clerk entered default on October 18, 2022. (Doc. No. 6.) The Defendant was also served with a copy of the entry of default, but the Defendant has not appeared in this litigation to object to the entry of default or to oppose the Plaintiff's motion for default judgment.

A court may enter default judgment pursuant to Rule 55(b)(2), which provides, in these circumstances, that "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Wilson v. D & N Masonry, Inc.*, No. 1:12-cv-922, 2014 WL 5089419, at *1 (S.D. Ohio Oct. 9, 2014).

The allegations of the complaint, when taken as true, demonstrate Defendant breached its duty to make fringe benefit contribution payments according to the deadlines set forth in the collective bargaining agreement. (Doc. No. 1 at PageID 2, ¶ 7; Doc. No. 7-1 at PageID 27.) Plaintiff has therefore demonstrated that Defendant is liable under the collective bargaining agreement and 29 U.S.C. § 1145.

Regarding damages, the Court finds that the amount at issue in Plaintiff's claim is for a sum certain and that no evidentiary hearing is required. "When evidence on the record established liquidated damages, no hearing is necessary." *Hubbard v. Parkplace Homes, LLC*, No. CV 6:20-194-KKC, 2022 WL 17095908, at *2 (E.D. Ky. Nov. 21, 2022). Liquidated damages "are those made certain or fixed by agreement of parties, or by operation of law." *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 414 (6th Cir. 2006). Here, the Collective Bargaining Agreement provides for payment delinquencies, liquidated damages, and attorney's fees. (Doc. No. 7-1 at PageID 26.) Further, in support of damages, Plaintiff attached to its motion an audit demonstrating the amount of missed fringe benefit contributions (Doc. No. 7-2) and counsel's affidavit demonstrating the reasonable costs and fees exhausted in prosecuting this case (Doc. No. 7-3.) Accordingly, the Court ORDERS that judgment against Defendant is entered in the amount of $13,006.33, and this Court retains jurisdiction over this matter pending compliance with this Order.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: December 19, 2022